O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MENELAOS SARIDAKIS, an individual, | ) ) ) | Case No. CV 14-06279 DDP (Ex) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANT JP MORGAN CHASE BANK'S MOTION TO** |
| v. | ) ) | **DISMISS** |
| JPMORGAN CHASE BANK, a New York corporation; ALBERTELLI LAW PARTNERS CALIFORNIA, PA, a California corporation, | ) ) ) ) ) | |
| Defendants. | ) ) ) | [Dkt. 7] |

Presently before the court is Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant")'s Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.   Background**

In July 2016, Plaintiff executed a Deed of Trust to real property located at 607 S. Gertruda Avenue in the city of Redondo Beach as security for a $1,172,500.00 mortgage against the

///

///

property. (Complaint ¶¶ 7-8; Defendant's Request for Judicial Notice ("RJN"), Ex. 1 at 3.) Chase is the mortgage servicer. (Compl. ¶¶ 2, 10.)

On March 12, 2010, Chase recorded a Notice of Default. (Compl. ¶ 15.) The Complaint alleges that "[d]uring the year 2013, Plaintiff submitted a completed, legible and satisfactory loan modification application" to Chase. (Id. ¶ 28.) On January 8, 2014, Chase recorded a Substitution of Trustee listing itself as beneficiary and naming Defendant Albertelli Law Partners California, PA ("ALAW") as trustee. (RJN Ex. 5). On March 20, 2014, ALAW recorded a Notice of Trustee's Sale with a sale date of April 10, 2014. (Compl. ¶¶ 20-21.) The sale date was later postponed. (Id. ¶ 24.) Plaintiff's Complaint alleges eight causes of action related to foreclosure proceedings. Chase now moves to dismiss the Complaint.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion

2

"are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

As an initial matter, the court notes that all of Plaintiff's authorities regarding the legal standard predate Iqbal and Twombly. Plaintiffs' arguments in opposition to Chase's motion appear to be based upon the resulting misapprehension of the relevant standard. In any event, Plaintiff does not oppose dismissal of his Second Cause of Action. (Opposition at 7.) The court addresses the other causes of action in turn.

A. Injunctive Relief

Plaintiff's brings a cause of action for injunctive relief to enjoin violations of California Civil Code § 2924.12. (Compl. ¶ 33.) Injunctive relief, however, is a remedy, not a cause of action. Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.2d 952,

975 (N.D. Cal. 2010). Moreover, as Plaintiff's Complaint appears to recognize, § 2924.12(a)(1) states that "a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923., 2923.7, 2923.9, 2923.11, or 2923.17." Cal. Civil Code § 2924.12(a)(1). Section 2924.12 does not create a cause of action for an injunction, but rather provides for injunctive relief as a remedy for violations of other foreclosure-related statutes. (Compl. ¶ 33.) Plaintiff's First Cause of Action is therefore dismissed with prejudice.

B.  Dual Tracking

California Civil Code § 2923.6(c) states: "If a borrower submits a complete application for a first lien loan modification . . . a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale . . ." unless certain other conditions are met. Cal. Civil Code § 2923.6(c). Section 2923.6 also sets forth that an application is "'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." California Civil Code § 2923.6(h).

Here, Plaintiff alleges only that "[d]uring the year 2013, Plaintiff submitted a completed, legible and satisfactory loan modification application" to Chase. (Compl. ¶ 28.) Alone, that conclusory allegation is insufficient to plead a claim under § 2923.6(c). See Stokes v. CitiMortgage, Inc., No. CV 14-278 BRO, 2014 WL 4359193 at *7 (C.D. Cal. Sept. 3, 2014); Woodring v. Ocwen Loan Servicing, LLC, No. CV 14-3416 BRO, 2014 WL 3558716 at *7

4

1  (C.D. Cal. July 18, 2014).  The Third Cause of Action is dismissed,
2  with leave to amend.
3        C.    Failure to Re-Notice Foreclosure Sale
4        Under California Civil Code § 2924(a)(5), "whenever a
5  [trustee's] sale is postponed for a period of at least 10 business
6  days . . ., a mortgagee, beneficiary, or authorized agent shall
7  provide written notice to a borrower regarding the new sale date
8  and time . . . ."  Cal. Civil Code § 2924(a)(5).  Here, Plaintiffs
9  allege that the original sale date of April 10, 2014 was postponed
10 more than ten days, but Plaintiffs never received notice of the new
11 sale date.  (Compl. ¶¶ 64-65.)  The Complaint does not allege,
12 however, that a trustee's sale ever occurred or that a trustee's
13 sale was ever actually rescheduled.  It is unclear, therefore, how
14 Defendants could have violated § 2924(a)(5) or how Plaintiff
15 suffered any injury.  See Penaloza v. Select Portfolio Servicing,
16 Inc., No. CV 14-2571-AB, 2014 WL 6910334 at *4 (C.D. Cal. Dec. 8,
17 2014).  The Fourth Cause of Action is dismissed, with leave to
18 amend.
19       D.    Accounting
20       Some courts have held "that an accounting is merely an
21 equitable remedy, and therefore cannot be maintained as an
22 independent cause of action."  Fradis v. Savebig.com, No. CV 11-
23 7275 GAF, 2011 WL 7637785 at *8 (C.D. Cal. Dec. 2, 2011).  Other
24 courts, however, citing Tesselle v. Mcloughlin, 173 Cal.App.4th 156
25 (2009), have concluded that an accounting can exist as an
26 independent equitable cause of action.  See, e.g., Dahon North Am.,
27 Inc. v. Hon, No. 11-cv-5835 ODW, 2012 WL 1413681 at * 11 (C.D. Cal.
28 Apr. 24, 2012); see also Baidoobonso-Iam v. Bank of Am., No. CV 10-

5

9171 CAS, 2011 WL 3103165 at *6 (C.D. Cal. Jul. 25, 2011) ("An accounting may take the form of either a legal remedy or an equitable claim."). Where independently viable, a cause of action for an accounting requires that "a relationship exist[] between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." Tesselle, 173 Cal. App. 4th at 179. Though the relationship giving rise to an accounting claim need not necessarily be a fiduciary one, courts typically require that it reflect some degree of confidentiality or closeness. Tesselle, 173 Cal.App.4th at 179.; Dahon, 2012 WL 1413681 at *13; Fradis, 2011 WL 7637785 at *9; Canales v. Fed. Home Loan Mortgage Corp., No. CV 11-2819 PSG, 2011 WL 3320478 at * 8 (C.D. Cal. Aug. 1, 2011).

Though the Complaint alleges that Plaintiff and Chase "share the relationship of mortgagor and mortgagee," neither the Complaint nor Plaintiff's opposition explain why this relationship is sufficiently special, confidential, or close to sustain a cause of action for an accounting. Indeed, courts often find, to the contrary, that a mortgagor-lender relationship does not suffice. See, e.g., Williams v. Wells Fargo Bank, N.A., No. EDCV 13-2075 JVS, 2014 WL 1568857 at *9 (C.D. Cal. Jan. 27, 2014). Plaintiff's Sixth Cause of Action is dismissed, with leave to amend.

  E. Unlawful and Fraudulent Business Practices

Plaintiff's claim for unlawful and fraudulent business practices under California Business & Professions Code § 17200 is premised upon the causes of action discussed above. (Compl. ¶¶ 68, 70, 71). Those causes of action having been dismissed, Plaintiff's

6

Fifth Cause of Action under California Business & Professions Code § 17200 is therefore also dismissed, with leave to amend.[1]

**IV. Conclusion**

    For the reasons stated above, Chase's Motion to Dismiss is GRANTED.  Plaintiff's First and Second Causes of Action are dismissed with prejudice.  Plaintiff's Third through Sixth Causes of Action are dismissed with leave to amend.  Any amended complaint shall be filed within ten days of the date of this Order.

IT IS SO ORDERED.

Dated: February 11, 2015

                                        DEAN D. PREGERSON
                                        United States District Judge

---

[1] Because Plaintiff does not bring the Seventh and Eight Causes of Action against Chase, the instant motion does not encompass those claims.

7